PETRONA RAMÍREZ, ETC., Plaintiff and Appellee, *v.*
RAFAEL RAMÍREZ, Defendant and Appellant.

No. 7458.   Argued March 17, 1938.—Decided May 13, 1938.

*González Fagundo & González, Jr.,* for appellant. *Faustino R. Aponte* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Rafael Ramírez, after the hearing on an order to show cause, was found guilty of contempt and ordered to pay a fine of $30, or to serve one day in jail for each dollar not paid. The first and second assignments specify violation of the second paragraph of section 152 of the Civil Code, and violation of section 160 thereof in connection with sections 56 and 57 of the Code of Civil Procedure and section 77 of the Law of Special Legal Proceedings.

Section 152 of the Civil Code reads as follows:

"The *patria potestas* over the legitimate children not emancipated belongs in the first place to the father, and in case of his absence, legal incapacity or death, to the mother.

"Illegitimate children and adopted minors shall be under the *potestas* of the father or mother acknowledging or adopting them. Where they have been acknowledged or adopted by both parents, the provision of paragraph one of this section shall be applicable."

Petrona Ramírez, an acknowledged natural child of Rafael Ramírez, was represented as plaintiff in the action which gave rise to the present proceeding by her mother, Ramona Rodríguez. The objection under the first assignment is that in the absence of any averment as to acknowledgment of the child by her mother, Ramona Rodríguez, the action as instituted could not prosper.

Section 160 of the Civil Code authorizes the appointment of a guardian *ad litem* to represent children in cases where the interests of said children conflict with those of the father or of the mother. It provides that:

"* * * * * * *

"The district court, on petition of the father or mother, the minor himself, the public attorney or any other person capable of appearing in a suit, shall appoint, as the person to defend the interests

of the said unemancipated child, the relative who, in a proper case, would act as his tutor by effect of the law, and, in his default, to another relative or any other person.''

Sections 56 and 57 of the Code of Civil Procedure and section 77 of the Law of Special Legal Proceedings—now section 611 of the Code of Civil Procedure, 1933 edition—read as follows:

''Section 56.—When an infant or an insane or incompetent person is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court in which the action is pending, in each case, or by a judge thereof. A guardian ad litem may be appointed in any case, when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant, insane or incompetent person in the action or proceeding, notwithstanding he may have a general guardian, and may have appeared by him.

''Section 57.—When the guardian ad litem is appointed by the court or judge, he must be appointed as follows:

''1. When the infant is plaintiff, upon the application of the infant, if he be of the age of fourteen years, or if under that age, upon the application of a relative or friend of the infant.

''2. When the infant is defendant, upon the application of the infant, if he be of the age of fourteen years, and apply within ten days after the service of the summons; if he be under the age of fourteen years, or neglects so to apply, then upon the application of any other party to the action, or of a relative or friend of the infant.

''3. When an insane or incompetent person is a party to an action or proceeding, upon the application of a relative or friend of such insane or incompetent person, or of any other party to the action or proceeding.

''Section 611.—The appointment of counsel shall always be made on petition setting forth, under oath, that the minor concerned therein comes within the provisions of section 230 of the Civil Code.''

The gist of appellant's argument under the second assignment is this: A judgment can not be rendered in an action wherein plaintiff is not before the court; if Ramona Rodríguez did not have the *patria potestás*, resort should have been

had to the procedure prescribed by section 160 of the Civil Code, supplemented as it is by section 77 of the Law of Special Legal Proceedings, which requires a sworn petition to the effect that the minor comes within the provision of section 230 of the Civil Code; sections 56 and 57 of the Code of Civil Procedure to the extent of any conflict with section 77 of the Law of Special Legal Proceedings were repealed by the latter; in accordance with section 56 of the Code of Civil Procedure Petrona Ramírez should have appeared by her general guardian or by a guardian *ad litem* appointed by the court; the appointment of a guardian *ad litem* must be made in accordance with the first paragraph of section 57; it cannot be made in a judgment rendered after the question has been raised in a case wherein the minor is represented by a person who does not have the *patria potestas,* and is not the guardian *ad litem.*

The first paragraph of the complaint in the original action contained an averment that the plaintiff, Petrona Ramírez, was a minor twelve years of age who appeared by her mother with the *patria potestas,* Ramona Rodríguez, with whom plaintiff had lived from the time of her birth. Defendant denied the averment that Petrona Ramírez was under the *patria potestas* of Ramona Rodríguez. The evidence adduced at the trial of this action is not before us. From the judgment it appears that after the parties had rested and submitted the case, the district judge named Ramona Rodríguez as guardian *ad litem* of Petrona Ramírez "in case the appointment of a guardian *ad litem* should be necessary." Defendant took an exception and the court rendered judgment for plaintiff.

The judgment in the original action was rendered April 20, 1936. Appellant's brief on appeal from the order in the contempt proceeding was filed March 8, 1937. It appears therefrom that a motion for a reconsideration of the judgment of April 20, 1936, was still pending in the district court.

The present appeal was argued and submitted March 17, 1938. The present status of the original action in the district court does not appear. Obviously appellant had ample time in which to obtain a ruling on his motion for reconsideration of the judgment rendered in the original action and to perfect an appeal from that ruling. It is equally clear that we are not in a position to pass upon the regularity or irregularity of the proceedings in that action. In the transcript now before us the only portions of the record prior to the institution of the present proceeding are, the complaint, the answer, and the judgment already referred to. The brief for appellant fails to convince us that the district court for want of jurisdiction in the original action was without jurisdiction to impose the fine and alternative jail sentence in the contempt proceeding.

Appellant's contention under the third assignment is that by reason of illness he had been financially unable to deposit $7.00 a week, as required by the judgment rendered in the original action. The district judge refused to admit in evidence a medical certificate wherein a physician stated that he had examined Ramírez March 16, 1936, had found him to be suffering from hæmoptysis with a slight consolidation of the parenchyma in the left lung, and had prescribed rest in bed. The exclusion of this certificate is not assigned as error. Ramírez' claim of physical and financial inability rested largely upon his own testimony. His testimony as to other matters was flatly contradicted by Ramona Rodríguez. From the finding of the district judge on the question of contempt, as well as from what the district judge said in overruling a motion to suspend operation of the contempt order for a week, we gather that he was not much impressed by the testimony of Ramírez. If that testimony was true, Ramírez, of course, should not have been found guilty of contempt. We find no such manifest error in the weighing of the evidence as to justify a reversal.

The judgment appealed from must be affirmed.